## LANGSTAFF & HULME vs. PHILIP ROCK.

Where the claim of a "part owner" against the boat, comes within the provisions of the first section of the act concerning "boats and vessels" it is a lien upon the boat as in cases of other persons. The only restriction upon the part owner is that he is required to give notice in writing to all the other owners of his intention to commence his suit twenty days before the commencement of the action.

### APPEAL from St. Louis Court of Common Pleas.

#### STATEMENT OF THE CASE.

This was an agreed case submitted to the court in writing, by Philip Rock, D. Ward and Langstaff & Hulme with reservation of right of appeal.

The "Globe" was attached in this court for sundry lien claims, and thereupon sold by order:

Langstaff & Hulme vs. Rock.

and at the sale bought by Langstaff & Hulme for $5000, and the money paid into court therefor. A surplus of that fund remains, after the payment of all the claims proved.

"Ward" owned all the boat at the time of the sale, except an interest of $500, which then belonged to "Rock."

"Rock as part owner," on the 23d Nov. 1849, commenced suit against "Sb. Globe" to recover a demand of $977 against the boat; which demand he claimed to have been based upon the following advances:

"$300, To pay off officers and crew, and enable the boat to navigate the waters of this State, advanced 19th Sept. 1849; the wages being liens on boat. $677, Advanced 1st Nov. 1849, for insurance on said boat, to enable her to navigate, &c., and equip, &c.

He averred that his demand accrued on account of D. Ward, the master and part owner of said boat, covering all but an interest of $500; the boat being valued at $12,000. Notice of intention to proceed against said boat given by "Rock to Ward," 1st Nov. 1849, taking notice of said two demands.

Process issued thereon, 23d November, 1849, but the boat could not be arrested, being then in possession of an officer under prior process from the same court: and the sheriff made his return accordingly.

It is admitted that the $300, was advanced prior to the commencement of said suit to pay off wages of crew which were then lien claims against the boat. Also,

That Rock had then paid the two following notes. Dated Sept. 19; 1849, payable in sixty days at bank to Rock's order $338 50 each, and signed by Ward, the consideration of which was insurance of said boat effected in Ward's name for whom it might concern, and $500 being endorsed on one policy for Rock's benefit.

No part thereof has been repaid to Rock, by either the said boat, or said Ward.

A deed of trust is also admitted, executed and delivered by Ward to Langstaff & Hulme, (R. F. Sass, trustee) Oct. 18, 1849, to secure $7425, money advanced for building said boat, evidenced by six notes payable to L. & H. The first dated, 17th April, 1849, at four months; the other five dated 23d, June, 1849, at 180, 270, 360, 450 and 540 days after date; with condition to pay each and all of said notes at maturity, and pay the first which had already matured. In case of failure to pay one note, all to be taken as immediately payable, being thereby prematured.

With usual power to sell for breach, and on notice, duly recorded 31st, October, 1849, at St. Louis.

Langstaff & Hulme, still hold the notes all of them remaining unpaid. Ward is insolvent and a non-resident of this State.

Has Rock a lien on said surplus?

Have Langstaff & Hulme a lien thereon superior to Rocks?

The court may order the distribution according to the rights of the parties.

At the time of the sale of the boat, Langstaff & Hulme agreed with Rock, that they would bid enough to cover all liens, including Rock's claim, with this understanding Rock did not bid on her.

Charles W. Herbert also filed a claim upon said surplus in the same court.

At the hearing of said several claims, the court ordered the following distribution of said net surplus:

To Herbert, $124.

To ock, $977.

To Langstaff & Hulme, 23.24ths of the balance.

To Rock, 1.24th of the balance as part owner.

Langstaff & Hulme, except to the order as to Rock, and as to Herbert, and move for a new trial, which motion is overruled. They claim that the court should have awarded, by law, the whole net surplus to them, excluding Rock's claim.

CROCKETT & KASSON, for appellants.

Langstaff & Hulme vs. Rock.

Rock, having simply paid debts for which as part owner, he was, at all events, liable, could only get a claim upon the boat by proper suit under the 36 § of the Statute prescribing remedies against "boats and vessels." That is the specific and only mode. This he delayed to do, until his attempt proved a nullity, the law having transferred the whole title at that time.

Not being therefore a creditor of the boat "in specie," he certainly could not be a creditor as against the proceeds in conversion.

His claim is wholly personal against his co-owners, except that he, as part owner, is entitled to 1.24th of the surplus after the payment of all the boat's proper debts; 1.24th part owner without a lien, is certainly not to be preferred to 23.24ths creditor with a lien.

Besides how can Rock claim against these proceeds, in any other capacity than that of part owner? His debt is not a lien; § 1 "Boats and vessels." And it is only such creditors that are authorized to receive in distribution. Sections 16 and 17, ib.

And see as to Rock's position here, the case of steamboat Raritan vs. McCloy, 10 Mo. Rep. 535.

## HUDSON, for appellee.

1. Under the act of our legislature concerning boats and vessels, Code 187, section 36, it is provided that one or more joint owners of any boat, may sue the boat for supplies furnished, money advanced, &c. If then it is admitted that Rock, the defendant in error had the right to attach the boat, he certainly had the right to hold under the same attachment the proceeds arising from the sale of the property attached; the seizure of the steamboat Globe by the defendant in error, gave him a lien upon the boat, that when a lien once attaches, it follows the proceeds arising from a sale. See Abbot on Shipping Ed. of 1846, page 185, note 1.

2. The Statute of this State makes it the duty of the courts to order a boat to be sold which has been attached and not released by some one giving bond. After the sale the courts are required to cause a notice to be published notifying all creditors to come in on a certain day fixed and prove up their claims against the boat. The defendant in error contends that the statute gives him a lien from the date of the institution of his suit, and the seizure of the boat; and the notice to "all creditors" having a lien embraced him with the other creditors. See Revised Code, 181, section 14 and 15.

The defendant was entitled to distribution under the general law governing attachments.

3. The law governing courts of admiralty prevail in this State, where our own statute is silent, 10 Mo. Rep. 612. If then the maritime law be applied in this case, it will be seen that the court of common pleas had no legal right or authority to take cognizance of the claim of plaintiffs in error as mortgagees, and that court did right in refusing the motion of the plaintiffs in error, requiring the court below to order the surplus proceeds to be paid to them. Gilpin's R. 18J, ib, 549. Adm. Reps. 223.

4. That until the mortgagee of a boat takes possession the mortgagor is owner to all the world. See Smiths Mercantile law, last ed. 179, note Abbot on Shipping 44.

5. It is contended that justice requires that our own citizens who make advances under such circumstances should be protected against foreign secret creditors and it is believed that it was the intention of the legislature to give protection to our own citizens.

6. Courts of admiralty have power to disprove of remnants and surplussages. The master of a ship has no remedy in rem because he has no lien; but courts of admiralty will allow him payment for advances, &c, out of remnants and surplussages arising from the proceeds of the sale of the ship, because they partake of the nature of lien. Abbot on Shipping, 781, note 1.

7. The court of common pleas had jurisdiction in the matter of Rock against steamboat Globe, and the authority to distribute the surplus. 1 Peters Rep. 233; 2 Dana Ky. Rep. 482.

NAPTON, J., delivered the opinion of the court.

Rock was part owner, and made sundry advances for the use of the boat which by virtue of the 36th section of our act concerning boats and vessels, authorized him to sue the boat. When the writ was served, the boat was already in the custody of the law, having been seized by a constable under a previous warrant from a justice.

After a sale of the boat, and a purchase by Langstaff and Hulme, who had a mortgage upon it, the question was whether Rock's advances should come out of the proceeds.

It must be admitted that there is some obscurity in the statute, in relation to the claims of part owners, but upon a careful examination of all its provisions, we have concluded, that part owners are not deprived of the same security which ordinary creditors have in relation to such advances as come within the four provisions of the first section of the act. The 36th section was designed to restrict this privilege, so far as to compel part owners when they intended to act in the character of creditors, to give twenty days notice to the other owners of the boat. When that section speaks of the causes of action, which may warrant part owners in suing, and makes use of the very general phrase "any other cause of indebtedness whatever," this language must be understood as limited to such causes of indebtedness as had been previously enumerated in the first section and no other. It was surely not the policy of the act to give part owners any advantages over general creditors, but to compel them to give a notice (which general creditors were not required to do,) in order to avail themselves of their liens.

As Rock's claim was a lien, under the act, and the second section provides that such liens shall have precedence of all other liens and claims, we think the court of common pleas correctly allowed it to be paid out of the proceeds of the sale.

Judgment affirmed.